# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ANTRAUN COE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-3006-STA-egb |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING CLAIMS AND GRANTING LEAVE TO AMEND

On December 27, 2016, Plaintiff Antraun Coe, who at the time of filing was incarcerated at FCI Memphis in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 28 U.S.C. § 1331 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On December 29, 2016, the Court granted Coe leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the United States of America, Warden Myron L. Batts, Assistant Warden First Name Unknown ("FNU") Robinson, Associate Warden FNU Barbee, Supervisory Chaplain FNU Maramot, Food Service Administrator FNU Crockett, Assistant Food Service Administrator FNU Brooks, and the following Food Service Supervisors: FNU Bail, FNU Rice, FNU Williams, FNU Dixon, FNU Robinson, FNU Barrett, FNU Nicholson, FNU Morris, FNU Slocum, FNU Gibbons, FNU Claxton, and FNU Brooks. Defendants are sued in their official and individual capacities.

## **BACKGROUND**

Coe alleges that in August 2011 during his incarceration, he became part of the Messianic faith. [1] (Compl. ¶¶ 24-27, ECF No. 1-1.) As part of his conversion, Coe was required to observe certain dietary restrictions and follow a common fare diet. (*Id.*) The Complaint does not specifically define "common fare;" the phrase appears to include kosher food. Coe alleges that on January 9, 2012, he informed Food Service Administrator Crockett that the prison was serving cereal and boiled eggs in styrofoam cups and bowls on common fare trays in violation of his dietary laws and Federal Bureau of Prisons ("BOP") policy. (*Id.* ¶ 28.) Coe continued to bring the issues to the attention of food service workers but had no success in getting the problem resolved. (*Id.* ¶¶ 29-38.) Coe observed and reported other violations of his dietary requirements regarding cereal, eggs, grits, and the proper handling of food. (*Id.* ¶¶ 39-46.) The Complaint alleges that Coe continued to make complaints through March 11, 2015. (*Id.* ¶¶ 50-51.) Coe has filed grievances with Warden Batts, Assistant Warden Robinson, and Associate Warden Barbee but received no relief. (*Id.* ¶¶ 52-52.) Coe now seeks $200,000 in compensatory damages against each Defendant and $200,000 in punitive damages against each Defendant. (Relief, ECF No. 1-1 at 10.).

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

---

[1]

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards for pleadings under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (internal quotation omitted); *Young Bok Song v. Gipson*, 423 F. App'x 506,

510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.").

## ANALYSIS

### I. *Bivens* and Statute of Limitations

Coe filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Because Coe's claims concern the actions of persons and entities acting under color of federal law rather than state law, his constitutional claims arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1974), instead of 42 U.S.C. § 1983. *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Before deciding whether Coe has alleged the elements of a *Bivens* claims, the Court holds that Coe's Complaint is facially time-barred. The one-year statute of limitations period of Tennessee Code Annotated § 28-3-104(a) is applicable to *Bivens* actions brought in Tennessee. *Mason v. Dep't of Justice*, 39 F. App'x 205, 207 (6th Cir. 2002); *see also Merriweather v. City of Memphis*, 107 F.3d 396, 398 n.1 (6th Cir. 1997) ("In federal constitutional tort actions, the court borrows the statute of limitations for personal torts from the state where the claim arose—here, Tennessee."). The last specific incident alleged in the Complaint occurred on March 11, 2015, and the limitations period expired one year later on March 11, 2016.[2] Plaintiff signed his Complaint more than one year later on December 27, 2016. (Compl. at 3, ECF No. 1.) The

---

[2] Coe provides no specifics detailing when he filed the grievances and when the grievances were returned to him; therefore, the Court has no basis to toll the limitations period.

Court concludes that Coe's Complaint is barred by the one-year statute of limitations. Therefore, the Complaint must be **DISMISSED**.

Moreover, the Complaint fails to state a claim against the United States or against any Defendant in his or her official capacity. Claims against federal agents in their official capacity are construed as claims against their employer, the United States, who is a named Defendant. However, the United States can be sued only to the extent it has waived its sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity cannot be implied but must be expressed unequivocally by Congress. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Johnson v. Hubbard*, 698 F.2d 286, 290 (6th Cir. 1983); *Jahn v. Regan*, 584 F. Supp. 399, 406 (E.D. Mich. 1984). The United States has not waived sovereign immunity and, therefore, cannot be sued in a *Bivens* action. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Thus claims against the United States are **DISMISSED**.

## II. Leave to Amend

The Court must next decide whether Coe is entitled to an opportunity to file an amended pleading. The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court concludes that Coe could amend his pleadings to cure the timeliness problems identified by the Court. At the same time, any amendment as to the United States or any of the official capacity claims against the Defendants would be futile. Therefore, the Court will grant Coe leave to amend his Complaint.

## **CONCLUSION**

The Court **DISMISSES** Coe's Complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, the Court cannot conclude that any amendment to Coe's Complaint would be futile as a matter of law. Therefore, Coe is **GRANTED** leave to amend his complaint. Any amendment must be filed within 30 days of the date of this order. Coe is advised that any amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Coe may add additional Defendants provided that the claims against the new parties arise from the acts and omissions set forth in the original Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Coe fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Coe shall promptly notify the Clerk, in writing, of any change of address, release from custody, or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 13, 2018.