IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTRAUN COE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-3006-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Antraun Coe, formerly an inmate at FCI Memphis, Tennessee, filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against various Defendants who are current and former employees of the Federal Bureau of Prisons ("BOP"), alleging that they violated his First Amendment right to practice religion. (ECF No. 1.) Subsequently, Plaintiff filed an amended complaint (ECF No. 13), again alleging violations of the First Amendment. Specifically, Plaintiff alleges that his First Amendment right was violated when staff provided him with food items in a manner not compliant with kosher requirements. Defendants have filed a motion to dismiss. (ECF No. 50.) Plaintiff has not responded to the motion. For the reasons set forth below, the motion to dismiss is **GRANTED**.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a Court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in

favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the Court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

The Court finds Defendants' argument that Plaintiff's lawsuit must be dismissed because the free exercise claim being pursued by Plaintiff does not present a cognizable *Bivens* claim under the Supreme Court's ruling in *Ziglar v. Abbasi*, 137 S. Ct. 1842 (2017), to be meritorious. In *Abbasi*, the Supreme Court declined to extend *Bivens* to a new category of constitutional claims, reasoning that expanding *Bivens* is a "disfavored" judicial activity. *Abbasi*, 137 S. Ct. at

1857 (citing *Iqbal*, 556 U.S. at 675). The Court explained that damages remedies for constitutional violations by employees or agents of the Federal Government have only been recognized three times: (1) in *Bivens*, a damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures; (2) in *Davis v. Passman*, 442 U.S. 228 (1979), a Fifth Amendment gender discrimination case; and (3) in *Carlson v. Green*, 446 U.S. 14 (1980), an Eighth Amendment cruel and unusual punishment clause case. *Abbasi*, 137 S. Ct. at 1848. The *Abbasi* Court held that a *Bivens* claim may only proceed if it asserts a constitutional right at issue in a previous *Bivens* case and if the injury alleged is the same type of injury as in a previous *Bivens* case. *Id.* at 1859. If the claim presents a new or novel constitutional issue or a new type of injury, it can proceed only after a special factors analysis. *Id.*

In the present case, Plaintiff's claim that he was denied the right to practice his faith under the First Amendment is a new or novel issue. *See Johnson v. Burden*, 781 F. App'x 833, 836-837 (11th Cir. 2019) ("[T]he Supreme Court has repeatedly confirmed that it has not extended a *Bivens* remedy to First Amendment claims."); *Edgerson v. West*, 2019 WL 2291479 *2 (W.D. TN. 2019) ("[T]he Supreme Court has never extended a *Bivens* remedy to any First Amendment claim."); *Crowder v. Jones*, 2017 WL 5889717 *2 (S.D. Ind. 2017) (finding that First Amendment free exercise claim presented a new context). Accordingly, the Court must determine if "special factors counsel[] hesitation" in recognizing a new remedy "in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857, 1859. Special factors include whether adequate alternative remedies exist to give Plaintiff relief, the doctrine of separation of powers, and the consideration that Congress has not authorized a stand-alone damages cause of action against federal prison officials.

As to the first factor, clearly, adequate alternative remedies exist for prisoners, and Plaintiff resorted to those remedies. Federal regulations 28 C.F.R. §§ 542.10-542.19 set out a multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints, including informal resolution, a formal administrative remedy request, appeal to regional director, and appeal to general counsel. Plaintiff pursued the administrative remedies available to him to the fullest according to the amended complaint. (Amd. Compl. ¶¶ 8-11, ECF No. 13.) The BOP grievance process constitutes an adequate alternative remedial structure that counsels against expanding *Bivens* to Plaintiff's claim.

Next, the Court must consider the issue of separation of powers as it relates to Plaintiff's claim. When a plaintiff asks a court to infer a cause of action for money damages to enforce a constitutional right, separation of powers is "central to the analysis." *Abbasi*, 137 S. Ct. at 1857. It is a "significant step under separation-of-powers principles for a court to determine that it has the authority, under the judicial power, to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." *Id.* at 1856.

The Supreme Court has encouraged courts to defer to the executive branch the judgment of prison officials to administer federal correctional facilities because the challenges of prison administration lack easy solutions. *Bell v. Wolfish*, 441 U.S. 520, 545-48 (1979). While there is a need to protect "certain basic rights of inmates," prison administration is best left to "those with the most expertise in the field," not the courts. *Jones v. North Carolina Prisoner's Union*, 433 U.S. 119, 137 (1977). Thus, the issue of separation of powers counsels against expanding *Bivens* to Plaintiff's claim.

Finally, the Court must look at the issue of stand-alone damages and other costs in its special factors analysis. The "decision to recognize a damages remedy requires an assessment of

its impact on governmental operations system wide." *Abbasi*, 137 S. Ct. at 1858. This includes "the burdens on Government employees who are sued personally, as well as the projected costs and consequences to the Government itself." *Id.* For example, officials who face personal liability for damages might refrain from taking urgent and lawful action in a time of crisis. *Id.* at 1863. Courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *see also Morgan v. Shivers*, 2018 WL 618451, *6 (S.D.N.Y. Jan. 29, 2019) (recognizing prisoner claims "present a plethora of policy-related considerations" that must be balanced against "challenges prison administrators and officers face in maintaining prison security."). The Court finds that the refusal of Congress to authorize a stand-alone damages cause of action against federal prison officials, as well as financial and logistical costs, counsel against expanding the *Bivens* remedy to Plaintiff's claim. Accordingly, Plaintiff's First Amendment *Bivens* claim is dismissed.

However, even if Plaintiff had stated a *Biven* claim, it is barred by the applicable statute of limitations. Pursuant to Tenn. Code Ann. § 28-3-104(a), the one-year statute of limitations period is applicable to *Bivens* actions brought in Tennessee. The last specific incident that Plaintiff alleged in his complaint occurred on March 11, 2015. Thus, the limitations period expired one year later, on March 11, 2016. However, the Court allowed Plaintiff to amend his complaint to allege any additional facts that might cure the untimeliness. (Order, ECF No. 10 (citing *Mason v. Dep't of Justice*, 39 F. App'x 205, 207 (6th Cir. 2002); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 n. 1 (6th Cir. 1997)).

In his Amended Complaint, Plaintiff alleges that on April 25, 2016, he "filed a BP-8 for violation of his First Amendment right to practice his faith and FBOP policy," i.e., an informal resolution form.   (Amd. Compl. ¶ 8, ECF No. 13.) He further alleges, "On May 10, 2016, Plaintiff filed a BP-9 to Warden M. Batts concerning the violation of Plaintiff's First Amendment right to practice his faith and FBOP policy and requested a Full investigation of Food Service Administration," i.e., a formal written Administrative Remedy (*Id.* at ¶ 9). On August 1, 2016, Plaintiff filed a BP-10 (an Appeal to the Regional Director), and on August 13, 2016, he filed a BP-11 (an Appeal to the General Counsel). (*Id.* at ¶ 10-11). The fact that Plaintiff initiated these steps over a year after the last specific incident on March 11, 2015, does not cure his untimeliness. Pursuant to 28 C.F.R. § 542.14(a), "the deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred."  Claims arising from administrative complaints initiated outside the 20-day deadline must be dismissed. *See Morales v. White*, 2008 WL 4585340 (W.D. Tenn. Oct. 10, 2008) (dismissing claims that were administratively asserted "well beyond the twenty (20) day limitation period for completion of the informal resolution and submission of a Request for Administrative Remedy. 28 C.F.R. § 542.14(a).").

Plaintiff is beyond the twenty day period, even assuming the date of the last incident as the "date on which the basis for the Request occurred." He could have requested an extension of time pursuant to 28 C.F.R. § 542.14(b), citing reasons for his delay such as being "separated from documents needed to prepare the Request or Appeal," physical incapacity, or other reasons. However, he did not do so.  Thus, even if Plaintiff were entitled to pursue his *Bivens* claim in this

6

Court, he has failed to demonstrate that the administrative steps he took toll the limitations period. Accordingly, Plaintiff's claims are dismissed on this ground also.

Finally, as argued by Defendants, any claims against Defendants Charles E. Samuels, Mark S. Inch, D. R. Stevens, Angela Owens, and Myron Batts must be dismissed because Plaintiff has not alleged any facts that demonstrate their personal involvement with the complained of conduct. *See Matthews v. Robinson*, 52 F. App'x 808, 810 (6th Cir. 2002) (affirming the district court's judgment dismissing the case when the plaintiff failed to establish that the defendants violated his constitutional rights or were either personally responsible for or knowingly acquiesced in any unconstitutional conduct). These Defendants are not alleged to have had any direct involvement in the packaging or distributing of Kosher food items. Instead, they worked in a supervisory capacity, and it is well-settled that the doctrine of respondeat superior does not apply in civil rights claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Therefore, Plaintiff's claims against these Defendants are dismissed for lack of personal involvement.

In summary, Defendants' motion to dismiss is **GRANTED**, and the Clerk of the Court is **DIRECTED** to enter judgment against Plaintiff and in favor of Defendants.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 24, 2020.